Michael H. Meyer, Esq. #82336
Chapter 13 Trustee
Deanna K. Hazelton, #202821
Senior Staff Attorney
Sarah R. Velasco, #255873
Staff Attorney
PO BOX 28950
Fresno, California 93729-8950
Telephone (559) 275-9512
Fax (559) 275-9518
E-mail: cvinson@meyer13.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re:

Raymond Casuga

        Debtor,

Case No.: 19-15117-B-13F

CHAPTER 13

DC NO. MHM-1

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

DATE:   February 12, 2020
TIME:    9:30 AM
PLACE: U.S. Courthouse
           Dept. B, Courtroom 13, 5th Floor
           2500 Tulare Street
           Fresno, Ca 93721

JUDGE: Hon. Rene Lastreto II

**MICHAEL H. MEYER**, Chapter 13 Trustee in the above referenced matter, objects to confirmation of the Chapter 13 Plan filed on December 8, 2019, on the following grounds:

**I.**

**BASIS OF OBJECTION**

    **1.**     **The plan fails to comply with other applicable provisions of this title. [11 U.S.C. § 1325(a)(1)]**

On or about December 20, 2019, the Trustee sent a document request letter to Debtor and Debtor's Counsel. The Trustee has yet to receive the following requested documents (11 U.S.C. 521(a)(3)):

-1-

1. Documentation in support of Statement of Financial Affairs, Question 5.
2. Item 16 on Form 122C-2 –Please provide a Tax Analysis demonstrating how the number stated on Line 16 of Form 122C-2 was calculated.
3. Item 17 on Form 122C-2 –Please provide a breakdown of each involuntary deduction on Debtor's paystubs.
4. Item 22 on Form 122C-2 –Please provide evidence of additional health care expenses.

**2. The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor(s) was liquidated under a Chapter 7 of this title on such date. [11 U.S.C. §1325(a)(4)]**

On or about December 20, 2019, the Trustee sent a document request letter to Debtor and Debtor's Counsel. The Trustee has yet to receive the following requested documents (11 U.S.C. 521(a)(3)): Documentation in support of Statement of Financial Affairs, Question 5. According to Question 5, Debtor received $461,328.00 in the last two years from "liquation of shares."

**3. The plan provides for payments to creditors for a period longer than 5 years. [11 U.S.C. §1322(d)]**

The plan as proposed is taking 78.15 months to fund.

**4. The plan does not provide for all of Debtor(s') projected disposable income to be applied to unsecured creditors under the plan. [11 U.S.C. §1325(b)]**

**A.** On or about December 20, 2019, the Trustee sent a document request letter to Debtor and Debtor's Counsel. The Trustee has yet to receive the following requested documents (11 U.S.C. 521(a)(3)):

1. Item 16 on Form 122C-2 –Please provide a Tax Analysis demonstrating how the number stated on Line 16 of Form 122C-2 was calculated.
2. Item 17 on Form 122C-2 –Please provide a breakdown of each involuntary deduction on Debtor's paystubs.
3. Item 22 on Form 122C-2 –Please provide evidence of additional health care expenses.

**B**. <u>122C-2 Lines 8 and 9</u>: The Local Housing and Utilities Standards for cases filed on or after November 1, 2019, in Fresno County, for a family size of 1, is nonmortgage expenses of $504.00

and mortgage/rent expense of $1,055.00.  Debtor deducts nonmortgage expense of $624.00 on Line 8 of the 122C-2 and $1,306.00 on Line 9 for mortgage/rent expense. See Doc. No 1.

      **C.**      <u>122C-2 Line 35</u>: According to Line 35 total priority claims equal $85,169.55. According to the plan, total priority claims equal $124,166.90.

## II.

## **POINTS AND AUTHORITIES**

      11 U.S.C. §1322(a) provides that a plan shall provide for certain payments to creditors and for payment of claims within specified classes. Pursuant to 11 U.S.C. §1325(a)(1) the Court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title.

      11 U.S.C. §1325(a) provides that the Court shall confirm a plan if certain criteria set forth in §1325(a) is met.

      The debtors carry the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation. <u>In re Arnold and Baker Farms</u>, 177 B.R.648, 654 (9th Cir. BAP 1994), <u>In re Warren</u>, 89 B.R. 87, 93 (9th Cir. BAP 1988), <u>In re Wolff</u>, 22 B.R.510, 512 (9th Cir. 1982).

      **WHEREFORE**, the Trustee requests that the Trustee's objection to confirmation of the plan be sustained.

Dated:  January 22, 2020                                    Respectfully submitted,

                                                                                     <u>/s/ Sarah R. Velasco</u>
                                                                                     Sarah R. Velasco, Staff Attorney for
                                                                                     Michael H. Meyer, Chapter 13 Trustee